UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ANGEL E. LANA, CPA,

Defendant.

------------------------------------------------------------------/

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION COMPLAINT FOR ENFORCEMENT OF COMMISSION ORDER AGAINST DEFENDANT ANGEL E. LANA, CPA

Plaintiff Securities and Exchange Commission (the "Commission") for its Complaint against the Defendant Angel E. Lana, CPA ("Lana") states as follows:

1. Lana reached a settlement with the Commission which resulted in a consent order entered on December 16, 2014 (the "Commission Order"). In the Commission Order, Lana agreed to pay a civil penalty of $50,000 by December 16, 2015. Instead, Lana paid only $15,000 to the Commission. The remaining $35,000, plus interest pursuant to 31 U.S.C. § 3717, remains unpaid.

2. The Commission brings this action pursuant to Section 20(c) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77t, to enforce the Commission Order requiring Lana to pay the civil penalty. Lana has not complied with the Commission Order and has failed, refused, and neglected to pay his debt.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549. The Commission's New York Regional Office is located at 200 Vesey Street, Suite 400, New York, New York 10281-1022.

4.     Lana, age 58, is a resident of Boca Raton, Palm Beach County, Florida.  He is a certified public accountant ("CPA") licensed to practice in the State of Florida since 1981.  Lana has worked as a sole practitioner since 1986, and has performed accounting work for several public companies.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act, 15 U.S.C. § 77t(c) and 77v(a).  Furthermore, jurisdiction is based upon 28 U.S.C. §§ 1331, 1337, and 1345.

6.     Venue is proper under Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), in that defendant is an inhabitant of and may be found in the Southern District of Florida.

## STATEMENT OF RELEVANT FACTS

7.     The underlying conduct relates to Lana's involvement as the chief financial officer ("CFO") and one of three managers of Aurum Mining, LLC ("Aurum") from mid-2011 to 2014.[1]  Arum investors were promised a stake in so-called "quick-to-production" gold mines and a mineral processing plant that Aurum purported to own and operate in Brazil and Peru.   Instead, the investors' funds were misappropriated by Aurum's other two managers, Alexandre S. Clug and Michael W. Crow, for personal use.[2]

8.     Aurum provided a variety of documents to investors, such as offering documents and quarterly reports, which purported to describe the various offerings and set forth closing conditions that limited Aurum's ability to use the money raised.  Aurum failed to meet conditions

---

[1] Aurum was a Nevada limited liability company established in April 2011 with its principal place of business in Miami, FL.  Its license is now revoked

[2] Lana, along with the other two managers, was to receive an aggregate compensation of $288,000 for services to Aurum during the relevant period.  Lana did not receive this compensation.  As part of the settled Commission Order, Lana undertook to forgo any compensation due to him from Aurum and any entity owned or controlled, directly or indirectly, by either or both of Aurum's other managers.

specified in these documents.  As the CFO and a manager of Aurum, Lana participated in the review and approval of these documents.  Further, Lana knew from the beginning that one of Aurum's managers had been barred from serving or acting as an officer or director of a public company and from associating with any broker, dealer or investment adviser due to past securities laws violations.  Sometime in 2012, Lana also knew that the manager had filed for bankruptcy.

9. The Commission Order found that Lana negligently solicited his own accounting clients and others to invest in Aurum without regard to the materially false or misleading representations being made to investors.  Lana should have investigated whether the offering documents he used to solicit investors for Aurum contained inaccurate or misleading representations, and he failed to do so.  He also failed to safeguard investor proceeds against misuse, allowing the other two managers unfettered access to investor funds.  Lana knew or should have known about Aurum's failures to meet conditions specified in the offering documents and quarterly reports, as well as misappropriation of the offering proceeds by the two managers.

10. Lana agreed to settle without admitting or denying the Commission's findings, except as to jurisdiction.  In the Commission Order, Lana agreed to undertake to cease raising funds for Aurum and any entity owned or controlled, directly or indirectly, by either or both of the other two Aurum managers.  In addition, the Commission Order:

   a. Found that Lana willfully violated Sections 17(a)(2) and 17(a)(3) of the Securities Act;
   b. Ordered Lana to cease and desist from committing or causing any violations and any future violations of Section 17(a) of the Securities Act;
   c. Ordered Lana to pay a civil penalty of $50,000, with $15,000 to be paid within 10 days of the issuance of the settled order and the remainder to be paid within one year of the issuance of the settled order; and

    d.  Denied Lana the privilege of appearing or practicing before the Commission as an accountant, with the right to apply for reinstatement after a period of five (5) years from date of the issuance of the settled order.

*In the Matter of Angel E. Lana, CPA*, Securities Exchange Act Release No. 73852, Accounting and Auditing Enforcement Release No. 3614, Admin. Proc. File No. 3-16319 (December 16, 2014). A copy of the Commission Order is attached as Exhibit 1.

11.    Lana paid $15,000 to the Commission in partial satisfaction of the Commission Order on December 22, 2014. The remaining $35,000, together with additional interest pursuant to 31 U.S.C. § 3717 remains unpaid. Lana has not complied with the Commission Order and has failed, refused, and neglected to pay the civil money penalty as directed by the Commission Order

## CLAIM FOR RELIEF

12.    Section 20(c) of the Securities Act provides:

Upon application of the Commission, the district courts of the United States…shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this title or any order of the Commission made in pursuance thereof.

13.    This provision authorizes the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

14.    Under these provisions, the Commission "may ... seek ... 'orders' from the federal courts commanding any person to comply with, inter alia, 'the provisions of [the federal securities laws], the rules, regulations, and orders thereunder." *Fiero v. Financial Industry Regulatory Authority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011). These provisions vest the Commission "with authority to apply to the district court for orders commanding compliance with the SEC orders." *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003), citing *Lang v. French*, 154 F.3d 217 (5th Cir. 1998).

15.    Proceedings under these provisions are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In

- 4 -

*McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

16. In such proceedings Lana may not challenge the validity of the order the Commission seeks to enforce in such proceedings. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

## DEMAND FOR RELIEF

WHEREFORE, the Commission respectfully requests:

1. That the Court enter a Judgment enforcing the Commission Order by requiring Lana to pay the civil money penalty, and in addition awarding interest from the date of the Commission Order to the date of the entry of judgment pursuant to 31 U.S.C. § 3717.

2. That in the event that Lana does not make payment following entry of Judgment, that the Court order such relief as may be necessary for the enforcement of any order of this Court pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308, and for the payment of postjudgment interest pursuant to 28 U.S.C. § 1961.

3. That the Court retain jurisdiction as appropriate to assure and effect compliance with the Judgment and any orders entered herein.

    4.    That the Court order such other and further relief as may be just and proper.

Dated:    July 7, 2017    Respectfully submitted,

ANDREW M. CALAMARI,
Regional Director

s/ Elizabeth Reilly Goody
ELIZABETH REILLY GOODY
Senior Counsel
S.D. Florida Bar No. A5502344
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10218-1022
E-mail:  GoodyE@sec.gov
Tel.:     212-336-0569
Fax:     212-336-1323
Attorney for Plaintiff
Securities and Exchange Commission